UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ALVAREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADTALEM EDUCATION GROUP, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-04079-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

Now before the Court is the motion to dismiss filed by Defendants DeVry University, Inc. ("DeVry") and Adtalem Global Education Group, Inc. ("Adtalem") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds the motion can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for December 20, 2019. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

**BACKGROUND**

Plaintiffs, 102 former students of Devry, a for-profit university, allege that they enrolled at DeVry based on marketing representations regarding the high rate at which former graduates of the school found employment in their chosen fields and the higher earnings the graduates with bachelor's degrees made relative to other colleges and universities. Plaintiffs allege that the Defendants' advertisements stated, with slight variations, that "90% of DeVry University

1  graduates actively seeking employment obtained careers in their field within six months of
2  graduation" (the "90% Representation"). (Complaint ("Compl.") ¶ 2.) Plaintiffs also allege that
3  Defendants conveyed the message that graduates obtain jobs that pay more than jobs obtained by
4  graduates of other colleges and universities (the "Higher Income Ad"). (*Id.* at ¶ 3.) Plaintiffs
5  allege that these representations were false and unsubstantiated and, as a result of their reliance on
6  the misrepresentations, they have been injured in that they paid tuition, purchased books and
7  supplies, incurred debt, and attended classes at DeVry.

8  Plaintiffs allege claims for (1) common law fraud by misrepresentation; (2) fraud by
9  omission; (3) negligent misrepresentation; (4) violations of the California Consumer Legal
10 Remedies Act, California Civil Code section 1750; (5) unfair competition in violation of
11 California Business and Professions code section 17200; (6) violations of the False Advertising
12 Law, California Business and Professions code section 17500; (7) civil theft under California
13 Penal Code section 496(c); and (8) exemplary damages under California Civil Code section 3294.

14 Defendants move to dismiss the complaint on the grounds that (1) on their fraud claims,
15 Plaintiffs do not meet the heightened pleading standards required by Federal Rule of Civil
16 Procedure 9(b) ("Rule 9(b)") because they have not alleged any specific misrepresentations that
17 they allegedly heard or saw; (2) Plaintiffs do not meet the heightened pleading standards required
18 by Rule 9(b) because they have not alleged specific facts that indicate that Defendants'
19 representations were false; and (3) Plaintiffs have not alleged any cognizable theory to recover
20 damages. Defendants also move to dismiss Adtalem on the independent basis that Plaintiffs fail to
21 allege specific facts regarding Adtalem's involvement in the approval or use of any particular
22 advertisement or representation.

23 The Court shall address additional relevant facts in the remainder of this order.

## ANALYSIS

**A.      Legal Standard on Motion to Dismiss.**

26 A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the
27 pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to
28 the allegations in the complaint, which are accepted as true and construed in the light most

favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. *See Mack S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *Id.* The Court may review matters that are in the public record, including pleadings, orders, and other papers filed in court. *See id.*

If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.3d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

B.   **Fraud Claims.**

   1.   **Heightened Pleading Requirements for Claims Sounding in Fraud.**

Defendants move to dismiss all of Plaintiffs' claims sounding in fraud on the basis that the allegations do not comply with Rule 9(b). Claims sounding in fraud or mistake are subject to heightened pleading requirements, which require a plaintiff to "state with particularity the

circumstances regarding fraud or mistake." Fed. R. Civ. P. 9(b). A claim is "grounded in fraud" if the plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of his or her claim. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003).

Rule 9(b)'s particularity requirements must be read in harmony with Rule 8, which requires a "short and plain" statement of the claim. Fed. R. Civ. P. 8(a)(2). The particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

The essential elements of a fraud claim under California law are "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). A negligent misrepresentation claim requires the same elements as a fraud claim, except the statement need only be made "without reasonable grounds for believing it to be true," rather than knowledge of its falsity. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).

Plaintiffs have alleged that Defendants spent hundreds of millions of dollars to create a widespread multimedia advertising and marketing campaign designed to work in conjunction with in-person or telephone meetings with representatives at DeVry, to promote its educational products and to close the sale on enrollment at DeVry. (*See, e.g.,* Compl. ¶¶ 7-114, 131, 133, 137-143.) Although the advertisements and representations vary slightly, the Court finds that Plaintiffs have sufficiently alleged that the challenged representations conveyed a consistent message regarding DeVry graduates' ability to obtain employment in their chosen career field within six months of graduation.

In addition to the general advertising campaign, each individual plaintiff alleges that

4

1   DeVry employees, prior to the student's enrollment in the educational programs, reiterated the
2   90% Representation during high school presentations, recruitment events, in-person meetings, and
3   over the telephone. (*Id.* at ¶¶ 7-114.) Each plaintiff alleges an approximate time and place of
4   these in-person representations. (*Id.*)

5         The Court finds that under liberal pleading rules, even with the heightened pleading
6   requirements imposed by Rule 9(b), Plaintiffs have sufficiently alleged 'the who, what, when,
7   where, and how' of the large-scale advertisement campaign and the alleged pre-enrollment
8   conduct. *See, e.g., Brown v. Adtalem Global Education, Inc.*, 19-00250, slip op. at *8 (W.D. Mo.
9   Oct. 9, 2014) (Dkt. No. 23-1, Declaration of John R. Fabry, Ex. A) (finding that, with similar
10  allegations, "Plaintiff sufficiently alleges the content of the representations he heard, who made
11  the representation, where and how the representations were made, and the approximate dates on
12  which the representations were made. Plaintiff's allegations put Defendants on notice of the
13  specific misconduct alleged against them."); *but cf Polly v. Adtalem Global Education, Inc.*, 16-
14  cv-09754, 2019 WL 587409, at *3 (N.D. Ill. Feb. 13, 2019); *Petrizzo v. DeVry Education Group,
15  Inc.*, 16-cv-09754, 2018 WL 827995, at *3 (N.D. Ill. Feb. 12, 2018); *Rangel v. Adtalem Global
16  Education, Inc.*, 18-cv-00082, slip op. at *9 (W.D. Tex. Apr. 23, 2019) (Dkt. No. 17-1,
17  Declaration of Laurie Edelstein, Ex. A).

18      **2.**    **Falsity.**

19        Defendants further argue that Plaintiffs have not adequately alleged that the representations
20  made to induce them to enroll in the university were actually false. Plaintiffs' allegations, which
21  must be accepted as true at this procedural posture, are that DeVry's 90% Representation is false
22  and misleading because "(1) Defendants counted graduates who continued with the jobs they had
23  prior to attending DeVry University; (2) Defendants counted graduates who were not employed in
24  their field of study; and (3) Defendants excluded graduates who unsuccessfully attempted to find
25  jobs after graduation." (*See, e.g.,* Compl. ¶ 179.)

26        Defendants contend that the allegations of falsity are premised upon the Plaintiffs'
27  "information and belief" based on "untested allegations levied by the FTC." (Motion at 6.)
28  Defendants further argue that a plaintiff may only plead on information and belief if "(1) the facts

constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides the grounds for his suspicions." *Polly*, 2019 WL 587409, at *4 (citations omitted).

Plaintiffs provide multiple factual sources to support their claim that the representations in the advertisement campaign and by individual DeVry employees were false. (*See* Compl. ¶¶ 7-114, 174-79, 193.) Plaintiffs base their allegations of the falsity of the representations made in the course of the two-year investigation conducted by the FTC, redacted documents obtained by Plaintiffs' counsel through a Freedom of Information Act request, an investigation by the Department of Education, the attorneys general of the states of New York and Massachusetts, and multiple DeVry shareholders as uncovered by counsel in *Pension Trust Fund for Operating Engineers v. DeVry Education Group, Inc.*, 16-cv-05198, 2018 WL 6714326, at *4 (N.D. Ill. Jan. 29, 2018). *But see Polly,* 2019 WL 587409, at *5 (holding that plaintiffs had failed to adequately allege falsity when based on "untested allegations made by the FTC, Department of Education, and attorneys general of Massachusetts and New York and confidential witness statements made in a DeVry securities class action."); *Rangel*, 18-cv-00082, slip op. at *3. This Court is persuaded that, at this preliminary procedural posture and considering the allegations in the light most favorable to Plaintiffs, the factual allegations of falsity are sufficient to defeat the motion to dismiss. *See, e.g., Brown,* 19-00250, slip op. at *7. This Court finds that the allegations demonstrate the factual bases for the Plaintiffs' claims and provide sufficient notice to Defendants as to the reasons why Plaintiffs believe the representations are false. At this procedural posture, Plaintiffs have sufficiently alleged facts based on information and belief that are not in their possession and the grounds for their suspicion that the challenged representations are false.[1]

///

///

---

[1] The Court notes that the statutory claims premised upon the same factual bases as the common law fraud claims also survive the motion to dismiss. *See, e.g., Williams v. Geber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (holding that whether a particular practice is deceptive "will usually be a question of fact not appropriate for decision on demurrer" and finding that the UCL, FAL and CLRA statutes prohibit advertisement that is false, and also that which "although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.")

### 3. Damages.

Lastly, with regard to the claims sounding in fraud, Defendants contend that these claims should be dismissed based on Plaintiffs' failure to allege a cognizable damages theory.

Defendants contend that the alleged injury is financial damage based on Plaintiffs' lack of employment or career in their field of study within six months of graduation. (*See* Motion at 9-11; Compl. ¶¶ 209, 222, 230.) Plaintiffs, however, do not argue that their injury is the inability to secure employment. Plaintiffs claim that they "have been injured in that they paid tuition, purchased books and supplies, incurred debt, and attended classes in reliance on Defendants' representations." (Compl. ¶¶ 210, 223, 231.) Plaintiffs repeatedly contend that they would not have enrolled at the school if they knew the truth of the representations about their chances of employment upon graduation.

Based upon what damages may be recoverable under the common law fraud claims, the Court finds that although Plaintiffs did receive an education and therefore something of value from DeVry, they can plausibly argue damages constituting the difference between the value of their education, including the potential employment opportunities it brings, and what they reasonably could have expected from the representations made about their chances at job placement when they enrolled. Again, at this procedural posture, the Court finds that while proof of damages may be speculative, the complaint here adequately alleges a plausible damages theory. The Court therefore reserves consideration of whether such damages may be proven until a later stage in the litigation. *See Brown*, 19-00250, slip op. at *6 ("Plaintiff also sufficiently pleads facts demonstrating he suffered an ascertainable loss of property, he did not receive the benefit for which he bargained, and he incurred costs when relying on the alleged fraud, whether Plaintiff can present evidence to establish the amount of his damages is for a later time and is not examined at the motion to dismiss stage."); *see also Alaburda v. Thomas School of Law*, 2012 WL 6039151, at *1 (San Diego Sup. Ct. Nov. 29, 2012) (finding that a similar damages claim is "ultimately beyond the pleadings requiring analysis of expert evidence.").

Accordingly, because the Court finds that Plaintiffs have adequately pled the requisite elements of their fraud causes of action, the Court DENIES Defendants' motion to dismiss those

7

claims.

**C.     Civil Theft Claim.**

Defendants also move to dismiss Plaintiffs' seventh cause of action for civil theft pursuant to California Penal Code section 496. Section (a) provides that "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in the concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished . . . ." Cal. Pen. Code § 496(a). Section (c) provides that any person so injured may bring a claim for three times the amount of actual damages sustained, as well as costs of suit and reasonable attorney's fees. Cal. Pen. Code § 496(c).

Defendants move to dismiss this claim for the same reasons as the fraud claims "because it relies on the same allegations of wrongdoing." (Motion at 11.) In light of the reasons already addressed to deny dismissal of the fraud claims, the Court finds this argument unpersuasive.

In addition, Defendants contends that the civil theft claim must be dismissed because here, the parties sought and received legitimate services, namely a college education, and the parties had a lawful, mutual agreement under which DeVry received tuition fees for the educational services which were actually provided. A cause of action for civil theft cannot lie where a plaintiff receives legitimate services based on mutual agreement to pay for those services. *See AdTrader, Inc. v. Google LLC*, 17-cv-07082, 2018 WL 3428525, at *9-10 (N.D. Cal. July 13, 2018). The facts, as alleged, do not constitute a scheme that is based on an entire business or enterprise that is objectively a scam without any legitimate services provided. The allegations therefore do not give rise to a claim of civil theft. *See Bell v. Feibush*, 212 Cal. App. 4th 1041, 1044 (2013).

Accordingly, because the Court finds that Plaintiffs have not adequately pled their cause of action for civil theft, the Court GRANTS the motion to dismiss that claim.

**D.     Claims Against Adtalem.**

Lastly, Defendants contend that Plaintiffs' claims against Defendant Adtalem must be dismissed because the allegations regarding Adtalem's conduct do not address the defendant's

8

alleged involvement in the approval or use of any of the challenged advertisements or oral representations, or its knowledge of the falsity at the time. In response, Plaintiffs contend that they have adequately identified the role they allege Adtalem took in the alleged fraudulent conduct. (*See, e.g.,* Compl. ¶¶ 153, 154, 158, 159.)  The Court does not find the allegations to be insufficient at this procedural posture. *See Brown*, 19-00250, slip op. at *13; *but cf Rangel*, 18-00082, slip. op. at *13.

Accordingly, the DENIES Defendants' motion to dismiss individual defendant Adtalem based on the allegations as currently pled.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. Only the seventh cause of action for civil theft is dismissed.

**IT IS SO ORDERED.**

Dated: December 16, 2019

JEFFREY S. WHITE
United States District Judge