Terance A. Gonsalves (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree St., Suite 4900
Atlanta, GA  30309-3424
Phone: (404) 881-7000
Fax:    (404) 881-7777
terance.gonsalves@alston.com

Jared M. Slade (admitted *pro hac vice*)
ALSTON & BIRD LLP
2200 Ross Ave., Ste. 2300
Dallas, TX  75201
Phone: (214) 922-3400
Fax: (214) 922-3899
jared.slade@alston.com

Steven A. Erkel (Bar No. 299263)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA  94105-0912
Phone: (415) 243-1000
Fax:    (415) 243-1001
steven.erkel@alston.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MARIA ALVAREZ, et al.,<br><br>             Plaintiffs,<br><br>       v.<br><br>ADTALEM GLOBAL EDUCATION INC. formerly known as DEVRY EDUCATION GROUP, INC., DEVRY UNIVERSITY, INC. and DOES 1-10,<br><br>             Defendants. | Case No.:  4:19-cv-04079-JSW<br><br>**DEFENDANTS' NOTICE OF MOTION AND RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  5/7/2021<br>Time:  9:00 a.m.<br>Courtroom 5, 2nd Floor<br><br>Judge:  Hon. Jeffrey S. White |

**NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Adtalem Global Education Inc. ("Adtalem") and DeVry University, Inc. ("DeVry") (collectively, "Defendants"), on May 7, 2021 at 9:00 a.m. local time in Courtroom 5, 2nd Floor, U.S. District Court, 1301 Clay Street, Oakland, California 94612, will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings on the claims asserted by Plaintiffs Alfred Hernandez, III ("Hernandez"), William Smith ("Smith"), and Jose Vasquez-Baires ("Vasquez-Baires") (collectively, "the Remaining Plaintiffs") in the Second Amended Complaint ("SAC"). The Motion is based on this Notice of Motion, the accompanying Memorandum of Law, all pleadings and papers on file in this action, the matters of which the Court may take judicial notice without converting the Motion into one for summary judgment, and such additional argument as may be presented at or prior to the time of hearing.

## **DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Adtalem Global Education Inc. ("Adtalem") and DeVry University, Inc. ("DeVry") respectfully move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on the claims asserted by Plaintiffs Alfred Hernandez, III ("Hernandez"), William Smith ("Smith"), and Jose Vasquez-Baires ("Vasquez-Baires") (collectively, "the Remaining Plaintiffs") in the Second Amended Complaint ("SAC").

**I.    Issue to be Decided.**

Are the Remaining Plaintiffs' claims time-barred as a matter of law based on the applicable two-, three-, and four-year statutes of limitations in light of their allegations, first filed July 16, 2019, that Defendants' allegedly deceptive advertisements caused them to first enroll at DeVry between 2009 and 2013?

**II.    Procedural Background.**

On September 28, 2020, Defendants moved under Rule 12(c) for judgment on all the claims of all Plaintiffs contained in the SAC. *See* ECF No. 74. Less than one month later, on October 23, 2020, counsel for the Plaintiffs and Defendants filed a Stipulation with Proposed Order to Stay Proceedings in light of a settlement in principle, which the Court granted. *See* ECF Nos. 78 and 79. On December 8, 2020, Counsel for Plaintiffs moved to withdraw as counsel for Alfred Hernandez, III, William Smith, and Jose Vasquez-Baires, based on "[p]rofessional considerations" and the fact that "these Plaintiffs did not opt-out of the class action captioned *McCormick, et al. v. Adtalem Global Ed. Inc., et al.*, Case No. 2018-CH-04872 (Cir. Ct. Cook County, Illinois)."[1] ECF No. 82 at ¶¶ 2 and 5. The Court granted Plaintiffs' Counsel's Unopposed Motion to Withdraw on January 21, 2021. ECF No. 89. Defendants now move to dismiss the claims of the Remaining Plaintiffs based on the applicable statutes of limitation.

---

[1] The *McCormick* class action settlement approved by the Circuit Court in Cook County, Illinois which released all of the same claims as asserted by the Remaining Plaintiffs in this action is currently pending on appeal before the First District Appellate Court of Illinois.

### III. The Remaining Plaintiffs' Claims are Barred by the Applicable Statutes of Limitations.[2]

The Remaining Plaintiffs' claim "Defendants falsely and misleadingly advertised the employment rate and income rate of their graduates to induce potential students to purchase education products and services, and to remain students through graduation." SAC ¶ 1. The employment rate advertisements are referred to as "the 90% Representation" in the SAC. SAC ¶ 2. The 90% Representation generally states that "90% of DeVry University graduates actively seeking employment obtained careers in their field within six months of graduation." *Id.*, ¶ 2. The SAC's allegations echo those made by the Federal Trade Commission in a complaint filed January 27, 2016. *Id.*, ¶ 174. The Remaining Plaintiffs all allege that they were induced to enroll based on "Defendants' Standard 90% Ad." *Id.*, ¶¶ 69, 75, 106. They claim that they "actively sought employment in, and did not obtain a job in, [their] field within six months of graduation from DeVry." *Id.* They assert claims for fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, violation of the California Consumer Legal Remedies Act ("CLRA"), violation of the California Unfair Competition Law ("UCL"), and violation of the California False Advertising Law ("FAL").

Plaintiff Hernandez alleges that he enrolled at DeVry in 2013, paid tuition and associated costs, and graduated in March of 2016 with a Bachelor of Science degree in Computer Information Systems. *See id.,* ¶ 69. Plaintiff Smith alleges that he enrolled at DeVry in 2009, paid tuition and associated costs, and graduated on April 28, 2013, with a Bachelor of Science in degree in Technical Management. *See id.,* ¶ 75. Plaintiff Vasquez-Baires alleges that he enrolled at DeVry on March 1, 2010, paid tuition and associated costs, and graduated on April 27, 2013, with a Bachelor of Science in degree in Computer Information Systems. *See id.,* ¶ 106.

The Remaining Plaintiffs filed this action on July 16, 2019. As a result, claims would be barred by the applicable statutes of limitations if they did not accrue on or after July 16, 2015

---

[2] Because the Court must accept the allegations in the SAC as true, Defendants present arguments based on the Remaining Plaintiffs' allegations in the SAC while reserving their right to challenge, dispute, or counter such allegations going forward.

(UCL), July 16, 2016 (fraud, CLRA, and FAL), or July 16, 2017 (negligent misrepresentation). The fact that Plaintiffs' claims are barred by the applicable statutes of limitations is apparent on the face of the SAC based on Plaintiffs' allegations encountering the allegedly deceptive advertisements prior to enrolling (thereby suffering the injury of which they complain).

While there are exceptions that can save time-barred claims, the Remaining Plaintiffs bear the burden of pleading sufficient facts for any exception to apply. However, they have pleaded no such facts or exceptions here. In fact, their allegations undermine any later accrual or tolling. ***First***, they allege that there was negative public coverage of DeVry's recruiting efforts as early as 2012. *Id.*, ¶¶ 136-143. ***Second***, the SAC emphasizes action taken by the Federal Trade Commission and Department of Education in January 2016 targeting the very same advertisements they complain of here. *See, e.g.*, *id.*,¶¶ 159 & 174.

### A. Rule 12(c) Standard.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed but within such time as not to delay trial, any party may move for judgement on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgement on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Webster v. United States,* No. CV-F-04-5647 REC/DLB, 2005 U.S. Dist. LEXIS 29359, at *2 (E.D. Cal. Nov. 8, 2005) (citing Wright & Miller, 5A *Federal Practice and Procedure*, § 1367). "The statute of limitations may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Apple Inc. v. Allan & Assocs. Ltd.*, No. 5:19-cv-8372-EJD, 2020 U.S. Dist. LEXIS 55117, at *26 (N.D. Cal. Mar. 27, 2020) (*citing Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) & *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1004 (N.D. Cal. 2015).

### B. Statutes of Limitations.

The Remaining Plaintiffs' six counts are governed by limitations periods of two, three, and four years. *See Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1004, 1010 (N.D. Cal. 2015) (two

years for negligent misrepresentation and three years for fraud (citing Cal. Civ. Proc. Code § 338(d))); Cal Civ. Code. § 1783 (three years for CLRA); *Ries v. Ariz. Bev. USA LLC*, 287 F.R.D. 523, 534 (N.D. Cal. 2012) (three years for FAL); Cal. Bus. & Prof. Code § 17208 (four years for UCL). "Traditionally, a claim accrues when it is complete with all of its elements—those elements being wrongdoing or breach, harm, and causation. This is known as the last element accrual rule." *Stella v. Asset Mgmt. Consultants, Inc.*, 8 Cal. App. 5th 181, 191, 213 Cal. Rptr. 3d 850 (2017) (internal alterations accepted and quotations and citations omitted).[3] .

"An exception to the general rule of accrual is the delayed discovery rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* at 191-92.[4] "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something to wrong her." *Stella*, 8 Cal. App. at 192. "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Id.*

A plaintiff whose claims are time-barred bears the burden of specifically alleging facts that

---

[3] *See Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 U.S. Dist. LEXIS 23172, at *21-27 (N.D. Cal. 2014) (concluding UCL, FAL, and CLRA claims accrued as of the purchase of the pharmaceutical product based on false advertising); *see Casaretto v. Coldwell Banker Realty*, No. 10-CV-00509-LHK, 2011 U.S. Dist. LEXIS 41338, at *8-9 (N.D. Cal. 2011) (negligent misrepresentation claim accrues when the plaintiff is injured); *see Alexander v. Ocwen Fin. Corp.*, No. 2:15-cv-2681 TLN AC, 2017 U.S. Dist. LEXIS 63497, at *11 (E.D. Cal. Apr. 26, 2017) ("A fraud claim accrues upon the discovery, by the aggrieved party, of the facts constituting the fraud or mistake" but noting that "plaintiff is not entitled to a later accrual date based on his 'discovery' of illegality when he learned about the class action.").

[4] *See Plumlee*, 2014 U.S. Dist. LEXIS 23172, at *21-27 (N.D. Cal. 2014) ("The delayed discovery rule is available to toll the statute of limitations under the CLRA, UCL, and FAL."); *but see Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1322-23 (C.D. Cal. 2013) ("Unlike CLRA claims, UCL claims do not benefit from the discovery rule."); *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1318, 64 Cal. Rptr. 3d 9, 15 (2007) ("By statute, the discovery rule applies to fraud actions" and affirming application of discovery rule to negligent-misrepresentation claims).

excuse the application of a statute of limitations. *See Ferris v. Ford Motor Co.*, No. 18-cv-03216-JSW, 2019 U.S. Dist. LEXIS 37864, at *17, 2019 WL 1100376 (N.D. Cal. Mar. 8, 2019) ("It is [Plaintiff's] burden to sufficiently allege tolling grounds in his Complaint."); *Apple Inc.*, 2020 U.S. Dist. LEXIS 55117, at *28 (N.D. Cal. Mar. 27, 2020) ("In order to invoke the delayed discovery exception to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."). Put simply, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer." *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1071 (C.D. Cal. 2010).

### C. Application of These Statutes of Limitations to the Facts Alleged.

The Remaining Plaintiffs' allege that they enrolled at DeVry based on marketing representations and would not have been injured by doing so if they knew the truth of the representations about their chances of employment upon graduation. *See* SAC ¶¶ 69, 75, 106. They enrolled in 2013 (Hernandez), March 1, 2010 (Vasquez-Baires), and October 2009 (Smith). *Id.* Thus, in order for their claims to have been timely filed, they would have had to file the complaint in the instant matter by 2015, 2012, and 2011, respectively (for the two-year claims), 2016, 2013, 2012, respectively (for the three-year claims), and 2017, 2014, and 2013, respectively, (for the four-year claims). Since the claims were not asserted until July 16, 2019, all of their claims are barred by the applicable statutes of limitations.

### D. Plaintiffs Have Not Alleged an Exception to the Applicable Statutes of Limitations.

The Remaining Plaintiffs may argue, in an attempt to save their claims, that the claims did not accrue at the time of injury—*i.e.*, when they enrolled. However, to avoid dismissal based on limitations apparent on the face of a pleading, a plaintiff bears the burden to plead an exception.

*See Ferris*, 2019 U.S. Dist. LEXIS 37864, at *17.  The Remaining Plaintiffs do not allege when they discovered their injury or why diligence would not have discovered an explanation of how Defendants' justified the 90% Representation.  Nor do they offer any other potential justification excusing the failure to assert claims within the applicable statute of limitations.  *See generally* SAC.  In fact, they allege that DeVry was scrutinized for its recruiting practices in a report by the U.S. Senate in 2012, titled "For Profit Higher Education: The Failure to Safeguard the Federal Investment and Ensure Student Success," undermining any contention that they would have bene unable to make an earlier discovery despite reasonable diligence.  SAC ¶ 136; *see also id.* ¶¶ 136-43.  As a result, there is no basis to excuse the untimeliness of their claims.

**IV.   Conclusion**

The Remaining Plaintiffs' claims are meritless in substance, are procedurally barred because they are barred by the statutes of limitations.  Moreover, The Remaining Plaintiffs have not pleaded any allegations to justify their failure to file their claims within the applicable statutes of limitations.

Thus, the claims on the face of the SAC are barred by the applicable statutes of limitations and should be dismissed, with prejudice.

Dated: April 1, 2021                          */s/ Jared M. Slade*
                                              **Jared M. Slade** (*pro hac vice*)
                                              **ALSTON & BIRD LLP**
                                              2200 Ross Avenue, Suite 2300
                                              Dallas, TX 75201
                                              (214) 922-3400 - Telephone
                                              (214) 922-3899 - Facsimile
                                              jared.slade@alston.com

                                              **Terance A. Gonsalves** (pro hac vice)
                                              **ALSTON & BIRD, LLP**
                                              1201 W. Peachtree Street, Suite 4900
                                              Atlanta, Georgia 30309
                                              Phone: (404) 881-7983
                                              Fax: (404) 881-7777
                                              terance.gonsalves@alston.com

                                              **Steven A. Erkel** (Bar No. 299263)

1
2
3
4

**ALSTON & BIRD LLP**
560 Mission St., Suite 2100
San Francisco, CA  94105-0912
Phone: (415) 243-1000
Fax:    (415) 243-1001
steven.erkel@alston.com
**ATTORNEYS FOR DEFENDANTS**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28